UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAVEN E.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C21-1098-BAT

**ORDER**

Plaintiff Raven E. seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends that the ALJ misevaluated her impairments at steps two and three of the five-step disability evaluation process; that the ALJ erred in assessing her residual functional capacity by misevaluating the medical opinions, failing to provide clear and convincing reasons to discount her testimony, and failing to consider her impairments alone and in combination; and that the ALJ erred at step five in finding she could perform other work that existed in significant numbers in the economy. Dkt. 11. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

ORDER - 1

1  *Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

2  of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one

3  rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v.*

4  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

5      **A.**    **Step two**

6         The ALJ found at step two that plaintiff had the following medically determinable severe

7  impairments: obesity, cervical stenosis, major depressive disorder, generalized anxiety disorder,

8  and posttraumatic stress disorder. Tr. 18. The ALJ found that plaintiff's psoriasis and right foot

9  pain, although medically determinable, were non-severe. *Id.* And the ALJ found that plaintiff's

10  alleged reading and learning disabilities, personality disorder, bipolar disorder, and ADHD were

11  not medically determinable impairments. Tr. 18-19.

12         Plaintiff argues that the ALJ erred by finding her right foot pain and psoriasis not severe

13  and subsequently failed to consider limitations caused by them either alone or in combination

14  with other impairments at step three and when assessing plaintiff's RFC. Dkt. 11 at 4-5.

15         At step two, a claimant must make a threshold showing that (1) she has a medically

16  determinable impairment or combination of impairments and (2) the impairment or combination

17  of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R.

18  § 404.1520(c), 416.920(c). An impairment or combination of impairments can be found "not

19  severe" only if the evidence establishes a slight abnormality that has no more than a minimal

20  effect on an individual's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

21      *1.*    *Right foot pain*

22         With respect to plaintiff's right foot pain, the ALJ found that plaintiff has a history of

23  right foot pain and testified that she had pain in her feet. Tr. 18. The ALJ noted that plaintiff

reported right foot pain to Heather Badger, ARNP, her primary care provider, in December 2020. *Id.* The ALJ noted that a right foot study showed no evidence of acute bony abnormality, but Ms. Badger noted a right heel spur, for which she recommended ice and Tylenol. *Id.* The ALJ concluded that plaintiff's right heel spur was non-severe, as it did not cause more than a minimal limitation in plaintiff's ability to perform basic work activity. *Id.*

Plaintiff points to the fact that Ms. Badger also recommended that plaintiff "offload the foot as often as possible" and provided crutches to aid in ambulation. Dkt. 11 at 5; Tr. 743. Plaintiff asserts that this is probative objective evidence that supports plaintiff's allegations that she had difficulty standing for prolonged periods of time. Dkt. 11 at 5.

However, without more, these additional comments do not establish that the ALJ erred in finding this impairment non-severe. Ms. Badger did not comment on how much time plaintiff should "offload" her foot per day or the duration of this recommendation. Tr. 743. Ms. Badger also recommended that in the long-term, plaintiff should see a podiatrist for the heel spur. *Id.* However, plaintiff points to no evidence in the record that she sought follow-up care for this impairment either from a primary care provider or a podiatrist. The mere existence of an impairment is insufficient proof of a disability. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Ms. Badger's treatment note establishes the existence of an impairment but does not establish functional limitations sufficient to rise to the level of a severe impairment.

Moreover, even if the ALJ erred in assessing plaintiff's right heel pain, plaintiff has not demonstrated that any such error was harmful. An error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination. *Molina*, 674 F.3d at 1122. The party attacking an agency's determination bears the burden of showing that prejudice results from an error. *McLeod*

1     *v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409-10

2     (2009).

3         Plaintiff points to no opinions in the record on limitations caused by her heel spur, the

4     duration of any such limitations, or how her heel spur would affect her ability to perform basic

5     work activities. Moreover, the ALJ limited plaintiff to light work with numerous postural and

6     environmental limitations. Plaintiff does not explain how her heel spur would impose limitations

7     beyond those assessed by the ALJ. Plaintiff has not demonstrated harm from the ALJ's

8     assessment of her right foot pain.

9             *2.    Psoriasis*

10        Plaintiff also asserts that the ALJ erred in finding her psoriasis non-severe and in failing

11     to consider it in combination with other impairments or include limitations related to this

12     impairment in the RFC. Dkt. 11 at 5. But she fails to address these claimed errors with any

13     specificity. She does not say what limitations her psoriasis caused or point to any evidence in the

14     record regarding the severity of this impairment.

15        Plaintiff cannot merely make a statement and leave the Court to do counsel's work—

16     framing the argument and putting flesh on its bones through a discussion of the applicable law

17     and facts. *See Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D.

18     Wash., May 8, 2014) (unpublished) (*citing Vandenboom v. Barnha*rt, 421 F.3d 745, 750 (8th Cir.

19     2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant

20     met listings because claimant provided no analysis of relevant law or facts regarding listings);

21     *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate

22     briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint

23

1   fails to frame and develop issue sufficiently to invoke appellate review)). Plaintiff has failed to

2   develop this claim and the Court finds that she has therefore waived it.

3   **B.      Step three**

4          At step three, the ALJ found that plaintiff did not have an impairment or combination of

5   impairments that met or equaled the severity of a listed impairment. Tr. 19. The ALJ found that

6   the record did not establish the medical signs, symptoms, laboratory findings, or degree of

7   functional limitation required to meet or equal the criteria of any listed impairment, and no

8   acceptable medical source had concluded that plaintiff's impairments medically equaled a listed

9   impairment. *Id.*

10         Plaintiff asserts that despite the ALJ's statement that she considered plaintiff's obesity at

11  step three, the ALJ erred by failing to discuss plaintiff's obesity in combination with other

12  impairments. Dkt. 11 at 6-7. She asserts that from the ALJ's "silence" on the issue "it can only

13  be assumed that the ALJ did not properly consider obesity in combination with the other physical

14  and mental impairments based on the deficient RFC determination." Dkt. 11 at 7.

15         Obesity is not a listed impairment, but the functional limitations obesity causes, alone or

16  in combination with another impairment, may medically equal a listing. SSR 19-2p. Obesity may

17  or may not increase the severity or functional limitations of another impairment, and the ALJ

18  may not make general assumptions about the severity or functional effects of obesity combined

19  with another impairment. *Id.* Rather, the ALJ must evaluate the effects of obesity based on the

20  information in the case record. *Id.*

21         Plaintiff does not identify any evidence in the record that demonstrates that her obesity

22  equaled a listed impairment, either alone or in combination with another impairment. Rather,

23  plaintiff's assertions rests on the type of general assumption about obesity that SSR19-2p

specifies are inappropriate. At most, plaintiff has identified a harmless error in the ALJ's lack of discussion of obesity at step three. Even if the ALJ's failure to discuss how plaintiff's obesity affected the assessment of other listings was erroneous, plaintiff has not identified any harm this caused her.

### C.    RFC finding

The ALJ found that plaintiff had the RFC to perform light work except she could occasionally climb ramps or stairs; occasionally climb ladders, ropes, or scaffolds; occasionally balance, stoop, crouch, kneel, or crawl; have occasional exposure to extreme cold or excessive vibration; have occasional exposure to moving mechanical parts; occasionally operate a motor vehicle; have occasional exposure to unprotected heights; she could perform routine and repetitive tasks; have no interaction with the public; and have only occasional interaction with co-workers and supervisors. Tr. 21.

Plaintiff challenges the ALJ's RFC finding, arguing that the ALJ did not properly evaluate the medial opinion evidence or plaintiff's testimony, and that the ALJ failed to properly consider the effects of all her impairments on her RFC. Dkt. 11 at 7. Many of her arguments rest on her previous claims that the ALJ erred in evaluating her impairments at steps two and three. The Court has rejected the basis for these arguments and therefore need not address them here.

### 1.    *Medical opinions*

Plaintiff argues that the ALJ erred by improperly discounting the opinions of the treating and examining providers in favor of the reviewing doctors' opinions. Dkt. 11 at 8-9. However, for applications filed on or after March 27, 2017, including plaintiff's, the Social Security Administration has promulgated new regulations that eliminate the agency's "treating source rule," which gave special deference to treating doctors' opinions. 82 Fed. Reg. at 5853. Thus, the

1  ALJ was not required to give any special deference to the opinions of treating or examining

2  providers.

3        Instead, the ALJ was required consider the persuasiveness of medical opinions using five

4  factors (supportability, consistency, relationship with claimant, specialization, and other), with

5  supportability and consistency being the two most important factors. 20 C.F.R.

6  §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in her decision how she

7  considered the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b)

8  (2017). The ALJ is not required to explain how she considered the other factors, unless the ALJ

9  finds that two or more medical opinions or prior administrative medical findings about the same

10  issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R.

11  §§ 404.1520c(b)(3), 416.920c(b)(3) (2017).

12        State-agency medical consultants Alnoor Virji, M.D., and Normal Staley, M.D. opined in

13  December 2019 and May 2020 that plaintiff could occasionally lift and/or carry 20 pounds and

14  frequently lift and/or carry 10 pounds; she could stand and/or walk and sit for 6 hours in an 8-

15  hour workday, and she should avoid concentrated exposure to heat, vibration, and hazards. Tr.

16  67-69, 79-81, 95-97, 110-12.

17        The ALJ found these opinions partially persuasive due to plaintiff's comments that her

18  symptoms continued to be managed by her then-current medications and supportive care, and a

19  more recent physical exam showing 5/5 strength in all major muscle groups in both arms, normal

20  gait, and normal heel-toe walks. Tr. 25. The ALJ did not adopt a limitation in exposure to

21  extreme heat, finding that the records did not show a need for such a limitations. *Id.* The ALJ

22  found that a limitation to less than the full range of light work was consistent with the evidence.

23  *Id.*

1    Plaintiff argues that the ALJ's reasons are not clear and convincing or specific and

2    legitimate given that more recent exams showed a fairly large heel spur and that plaintiff testified

3    that she had difficulty standing for long periods of time. Dkt. 11 at 9. Under the prior standards

4    for weighing medical opinions, the ALJ was required to provide clear and convincing or specific

5    and legitimate reasons for giving less weight to the opinion of a treating or examining doctor.

6    *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). But here, plaintiff challenges the

7    ALJ's finding that the consultants' opinions were partially persuasive under the new regulations.

8    There is no requirement for the ALJ to provide clear and convincing or specific and legitimate

9    reasons for giving weight to opinions of medical consultants.

10    In finding the opinions partially persuasive, the ALJ cited a March 2020 treatment note

11    from Ms. Badger, where plaintiff reported that her back pain symptoms were managed by her

12    medications and by supportive care, and a July 2020 pain clinic consultation documenting the

13    physical exam findings noted by the ALJ. Tr. 661, 729. Plaintiff refers to Ms. Badger's

14    December 2020 treatment note assessing plaintiff's heel spur. But the ALJ was entitled to find

15    that the treatment notes closer in proximity to the consultants' opinions supported those opinions.

16    The ALJ's finding that these treatment notes support Dr. Virji's and Dr. Staley's opinion was

17    accurate and reasonable. The Court rejects plaintiff's conclusory reference to a different

18    treatment note that offers at best an alternative interpretation of the evidence in the light most

19    favorable to plaintiff.

20    Plaintiff also asks the Court to find that her testimony about her difficulty standing for

21    long periods of time undermines the ALJ's assessment of these opinions. Dkt. 11 at 9. However,

22    as discussed below, the Court finds no error in the ALJ's decision to discount plaintiff's

23

testimony. The ALJ was not required to give less weight to these opinions based on testimony that the ALJ properly discounted.

Plaintiff has not identified error in the ALJ's finding Dr. Virji's and Dr. Staley's opinions were partially persuasive. The Court finds that the ALJ's assessment of these opinions was supported by substantial evidence and free of legal error.

Carl Epp, Ph.D., examined plaintiff in October 2019 and opined that the overall severity of her mental impairments was marked, including marked limitations in learning new tasks, adapting to changes in a work setting, communicating and performing effectively in a workplace, and completing a normal workday and work week without interruptions from psychologically based symptoms. Tr. 560-64.

The ALJ found this opinion less persuasive due to plaintiff's reports that she was keeping busy with school and was seeking a part-time job. Tr. 25 (citing Tr. 356). The ALJ also noted Ms. Badger's comments that plaintiff was cooperative with a normal mood and affect, she was open and talkative, and she was smiling and actively engaged in conversation. *Id.* (citing Tr. 669). And the ALJ noted plaintiff's comments to her therapist that she felt good about getting practical tasks done, getting her apartment put together the way she liked it, and getting practical help from another community agency. *Id.* (citing Tr. 699). The ALJ nevertheless limited plaintiff to only routine and repetitive tasks, no interaction with the public, and only occasional interaction with co-workers and supervisors. *Id.*

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for discounting Dr. Epp's opinion because his opinion was in line with that of her treating provider, Ms. Badger. Dkt. 11 at 9-10. Plaintiff then discusses Ms. Badger's opinion on plaintiff's physical functioning, but she makes no connection between this opinion and Dr. Epp's opinion on her

1  mental functioning. Plaintiff's conclusory statement is insufficient to establish that the ALJ erred

2  in finding Dr. Epp's opinion less persuasive.

3        The ALJ's finding that plaintiff's reports about her activities and Ms. Badger's

4  observations undermined the persuasiveness of Dr. Epp's opinion was a rational interpretation of

5  the evidence. Moreover, the ALJ included limitations related to those opined by Dr. Epp despite

6  finding his opinion less persuasive. The Court finds that the ALJ's assessment of Dr. Epp's

7  opinion was supported by substantial evidence and free of legal error.

8        In November 2020, Ms. Badger opined that plaintiff could lift and/or carry less than 10

9  pounds, stand and walk less than two hours, and sit less than two hours in in 8-hour workday; she

10  would need the opportunity to shift from sitting or standing/walking at will; she would require

11  postural, manipulative, and environmental limitations; and she would miss more than four

12  workdays per month. Tr. 708-08.

13        The ALJ found this opinion less persuasive based on the same evidence she relied on to

14  find Dr. Virji's and Dr. Staley's opinions partially persuasive: plaintiff's comments that her

15  symptoms continued to be managed by her then-current medications and supportive care, and a

16  physical exam showing 5/5 strength in all major muscle groups in both arms, normal gait, and

17  normal heel-toe walks. Tr. 25.

18        Plaintiff argues that the ALJ improperly discounted her treating provider's opinion that

19  was supported by the clinical findings in the medical record and that supported Dr. Epp's

20  opinion. Dkt. 11 at 10. But plaintiff does not identify the clinical findings that she alleges support

21  Ms. Badger's opinion or undermine the ALJ's finding that the opinion was less persuasive, nor

22  does she explain how Ms. Badger's opinion on plaintiff's physical functioning support Dr. Epp's

23

opinion on her mental functioning. Plaintiff's conclusory statements are insufficient to establish that the ALJ erred in finding Ms. Badger's opinion less persuasive.

The ALJ's finding that these treatment notes undermined the persuasiveness of Ms. Badger's opinion was accurate and reasonable. The Court rejects plaintiff's conclusory assertions of error and finds that the ALJ's decision to discount Ms. Badger's opinion is supported by substantial evidence and is free from harmful legal error.

### 2. *Plaintiff's testimony*

Plaintiff argues that the ALJ did not provide clear and convincing reasons for rejecting plaintiff's symptom testimony. Dkt. 11 at 12. Where, as here, the ALJ does not find that plaintiff was malingering, the ALJ is required to provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found that plaintiff's statements about the limiting effects of her impairments were inconsistent with the medical evidence of record and with plaintiff's reported activities. Tr. 23-24. Plaintiff argues that the ALJ did not provide any meaningful discussion on which daily activities conflicted with specific testimony from plaintiff and that the activities discussed by the ALJ did not indicate that plaintiff was able to perform work activities. Dkt. 11 at 13-14. The Court disagrees and concludes that the inconsistences the ALJ identified were clear and convincing reasons to discount her testimony.

Although lack of supporting objective medical evidence cannot be the sole reason an ALJ discounts a claimant's testimony, it is a relevant factor that the ALJ can consider in her

ORDER - 11

1   assessment of such testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). In

2   addition, although daily activities that do not contradict a claimant's other testimony or meet the

3   threshold for transferrable work skills cannot form the basis of an adverse assessment,

4   contradictions between a claimant's reported activities and her asserted limitations are a valid

5   consideration. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

6         The ALJ found that contrary to plaintiff's testimony that she experiences back and hip

7   pain from walking, knee pain, numbness in her hands, and trouble holding onto things, plaintiff

8   reported in March 2020 a mild exacerbation of her symptoms after moving but denied acutely

9   worsening symptoms or new symptoms and remarked that her symptoms continued to be

10  managed by her medication and supportive care. Tr. 24 (citing Tr. 661). The ALJ also noted that

11  in July 2020 she denied grip strength weakness and a physical exam showed 5/5 strength in all

12  major muscle groups in both arms, normal gait, and normal heel-toe walks, and a 2020 EMG was

13  negative for carpal tunnel. Tr. 24 (citing Tr. 716, 729). The ALJ thus did not adopt manipulative

14  limitations and found that plaintiff's obesity and cervical stenosis were not work preclusive and

15  that plaintiff was able to perform light work with additional non-exertional limitations to

16  accommodate her reported symptoms of neck, back, and hip pain. Tr. 24.

17        With respect to plaintiff's mental impairments, the ALJ found that contrary to plaintiff's

18  testimony that she has issues being around strangers, she is scared to be in public for a long time,

19  and she has panic attacks three to four times per months, she reported elsewhere in the record

20  being able to shop in stores weekly, exchanging regular text message with two friends, and being

21  happy with a new boyfriend in her life. Tr. 24. The ALJ found that this socialization established

22  her ability to have occasional contact with co-workers and supervisors; the ALJ further limited

23  her to no contact with the public to accommodate her difficulty with being around strangers. Tr.

24. The ALJ found that plaintiff's depression, anxiety, and PTSD were not work preclusive, but limited her to only routine and repetitive tasks as well as the previously identified limitations on social interactions. *Id.*

The ALJ identified objective evidence and plaintiff's reports of daily activities that were inconsistent with her testimony and discussed the specific testimony she found to be inconsistent with this evidence. The ALJ also adopted restrictions designed to account for some of plaintiff's alleged limitations. The Court finds that the ALJ's decision to discount plaintiff's testimony is supported by substantial evidence and is free from legal error.

### 3.    *Effects of obesity*

Plaintiff argues that the ALJ's light RFC determination does not reflect proper consideration of the effects of her obesity. Dkt. 11 at 5-6. She asserts that with a BMI ranging from 43 to 47, her obesity is in the "extreme" category, with the greatest risk for developing obesity-related impairments. Dkt. 11 at 16. She asserts that the ALJ did not take into account her obesity in combination with plaintiff's other limitations. *Id.* at 16-17. She cites to a Seventh Circuit case stating that it "borders on the fantastic" to suppose that a person who is grossly obese could stand for two hours at a time on a factory floor. *Id.* (citing *Barrett v. Barnhart*, 355 F.3d 1065, 1069 (7th Cir. 2004).

These arguments either rehash the arguments the Court addressed and rejected above or fail to identify a specific error in the ALJ's decision. The Court has found that the ALJ did not err in evaluating the medical evidence or plaintiff's testimony. And to assess limitations based on a supposition about the effects of obesity is contrary to the SSA's requirement that the decision be based on the evidence of record, not assumptions about the effects of any impairment, including obesity. *See* SSR 19-2p. Plaintiff makes broad assertions about the effects of obesity

1    without explaining how the ALJ's decision was not supported by substantial evidence or was

2    legally erroneous. This is insufficient to establish harmful legal error in the ALJ's decision.

3        **D.    Step five**

4        Plaintiff argues that the hypothetical question the ALJ posed to the vocational expert did

5    not account for all plaintiff's limitations and therefore the ALJ's finding at step five, which relied

6    on the VE's testimony, is not based on substantial evidence. Dkt. 11 at 15-16. This argument is

7    based on plaintiff's previous assertions of error, all of which the Court has rejected. Because the

8    ALJ's hypothetical to the vocational expert contained all the limitations that the ALJ found to be

9    supported by substantial evidence, the ALJ's reliance on the expert's testimony was proper.

10   *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

11       Plaintiff also argues that the jobs identified by the VE did not exist in significant numbers

12   in the national economy. Dkt. 11 at 16. Where, as here, a claimant cannot perform her past

13   relevant work, the burden shifts at step five to the Commissioner to show that the claimant can

14   perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett v. Apfel*, 180 F.3d 1094,

15   1099-1100 (9th Cir. 1999). Other work a claimant can do must exist in significant numbers in the

16   national economy—either in the region where the claimant lives or in several regions in the

17   country. 20 C.F.R. §§ 404.1560(c), 416.960(c). The Ninth Circuit has "never set out a bright-line

18   rule for what constitutes a 'significant number' of jobs," but instead finds a "comparison to other

19   cases . . . instructive." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). In *Beltran*, the court

20   found that 1,680 jobs nationally was not significant. *Id.* at 389-90. In a later case, the court found

21   that 25,000 jobs in the national economy, while a "close call," was a significant number.

22   *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014).

23

Here, the VE testified that a person with plaintiff's vocational profile could perform the jobs of bagger, with 21,000 jobs in the national economy, assembler of plastic hospital products, with 24,000 jobs in the national economy, and assembler of electrical accessories, with 49,000 jobs in the national economy. Tr. 56-57. The ALJ relied on this testimony to find that plaintiff could perform other work that exists in significant numbers in the national economy and was therefore not disabled. Tr. 27-28.

Two of the jobs the VE identified are somewhat below the number the Ninth Circuit identified as a "close call" but significant. The third job is well above the number the Ninth Circuit found to be significant. The Court concludes that the Commissioner met her burden of showing that plaintiff can perform other work that exists in significant numbers in the national economy.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 14th day of February, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER - 15